**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

LA CASITA CAFETERIA, INC, and
PINAR DEL RIO SHOPPING CENTER, INC.

      Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant La Casita Cafeteria, Inc. and Defendant Pinar Del Rio Shopping Center, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## **PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" of public accommodations to determine whether they are in compliance with the ADA/ADAAG.

5. Defendant La Casita Cafeteria, Inc. (also referenced as "Defendant Casita," "operator," lessee" or "co-Defendant") is a Florida for profit corporation. On information and belief, La Casita Cafeteria, Inc. is the owner and operator of the La Casita Cafeteria restaurant which is the subject of this action.

6. Defendant Pinar Del Rio Shopping Center, Inc. (also referenced as "Defendant Shopping Center," "lessor," "owner," or "co-Defendant") is a Florida for profit corporation. Defendant Shopping Center is the owner of the "Pinar Del Rio Shopping Center" which is real property built out as a mixed-use strip shopping mall which is located at 3210 NW 7th Street, Miami Florida 33125, which is also referenced as Folio 01-4104-026-0050. Defendant Shopping Center leases its Pinar Del Rio Shopping Center (strip mall) (in part) to public accommodations including (but not limited to) a Papa John's Pizza restaurant, collectible retail store, and a daycare center. Defendant Shopping Center also leases a portion of the Pinar Del Rio Shopping Center to co-Defendant Casita who in turn operates its La Casita Cafeteria at that location.

## FACTS

7. The La Casita Cafeteria is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as it is a restaurant which serves Cuban style food and drinks as well as pursuant to 28 C.F.R. §36.104(2). The La Casita Cafeteria restaurant (within Defendant Shopping Center's Pinar Del Rio Shopping Center) which is the subject of this complaint is also referenced as "La Casita Cafeteria," "La Casita Cafeteria restaurant," "restaurant," or "place of public accommodation."

8. As the operator of restaurant which is open to the public, Defendant Casita is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant pursuant to 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

9. Plaintiff shops in the area near Pinar Del Rio shopping center on a monthly basis because of certain discounts and specials available at a nearby pharmacy. On December 13, 2021 Plaintiff went to the La Casita Cafeteria restaurant (located therein) to purchase and eat a meal and test for compliance with the ADA/ADAAG.

10. On entering the Pinar Del Rio Shopping Center, Plaintiff had difficulty parking and perambulating to the entrance due to the non-compliant slope of the accessible parking spaces and isles. On entry to the restaurant, Plaintiff met multiple areas of inaccessibility and when Plaintiff had occasion to visit the restroom Plaintiff again met multiple areas of inaccessibility due to the fact that he uses a wheelchair for mobility.

11. Due to the non-compliant facilities, Plaintiff has been denied full and equal access by the operator of the La Casita Cafeteria restaurant (Defendant Casita) and by the

owner of the Pinar Del Rio Shopping Center which houses the restaurant (Defendant Shopping Center).

12. On information and belief Defendant Casita is aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, Defendant Casita's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its La Casita Cafeteria restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of the Pinar Del Rio Shopping Center which is operated as various places of public accommodation and by virtue of leasing commercial space for use as the La Casita Cafeteria, Defendant Shopping Center is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). On information and belief, as an investor and owner of the Pinar Del Rio Shopping Center, Defendant Shopping Center is aware of the ADA and the need to provide for equal access in all areas which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons within the Pinar Del Rio Shopping Center by insuring that it is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize and/or test the La Casita Cafeteria for compliance with the ADA/ADAAG, but continues to be injured in that he continues to

be discriminated against due to the barriers to access within that place of public accommodation and within the Pinar Del Rio Shopping Center parking lot, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the La Casita Cafeteria, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

5

21.     Defendant Casita (operator of the restaurant) and Defendant Shopping Center (owner of the Pinar Del Rio Shopping Center that houses that restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the La Casita Cafeteria restaurant and the Pinar Del Rio Shopping Center parking lot in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the La Casita Cafeteria restaurant and the Pinar Del Rio Shopping Center.

23.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25.     The Pinar Del Rio Shopping Center (which is owned by Defendant Shopping Center) and the La Casita Cafeteria (operated by Defendant Casita) are both in violation of 42 U.S.C. §12181 *et seq.,* the ADA, and 28 C.F.R. §36.302 *et seq.* As such, both Defendants

are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

   i. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope (which is over 2.1%). Section 502.4 states that parking spaces shall comply with Section 302, changes in level are not permitted. Defendant is also in violation of Section 4.6.3 of the ADAAG which states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

   ii. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as the designated accessible parking space access isles are on an excessive slope. The fact that the parking space access isles are on an excessive slope is a violation of Section 502.4 of the 2010 ADA Standards for Accessible Design which states that access aisles serving parking spaces must be at the same level as the parking spaces they serve and that changes in level are not permitted. This is also a violation of Section 4.6.3 of the ADAAG which states that access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. Failure to provide accessible means of egress from the parking area to the bank due to the excessive slope of the access aisles within the parking lot is a violation of 2010 ADA Standards for Accessible Design Sections 207.1, 502.4 and Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4

      which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.

iii. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), The parking lot does not have the minimum number of compliant accessible parking spaces. Failure to provide an adequate number of usable accessible handicap parking spaces within the Pinar Del Rio Shopping Center parking lot (which services the La Casita Cafeteria) is a violation of 28 C.F.R. Part 36, Section 4.1.2 and Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. Section 4.1.2(5)(a) states that accessible parking spaces must be provided such that the parking area complies with the table provided within this section (in this instant case, a parking to with up to 50 space shall have 2 accessible parking spaces and a parking lot with up to 75 space shall have 3 accessible parking spaces). Section 4.6.3 states that accessible parking spaces must be at least 96 in (2440 mm) wide and must be part of an accessible route to the building or facility entrance. Section 502.4 states that access aisles are to be placed on either side of the accessible parking space (except for angled van parking spaces, which shall have access aisles located on the passenger side of the parking space).

iv. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff could not utilize the exterior counter as the general public, because the exterior counter surface is over 36" above the finished floor to the top and there is no lower portion of the counter provided. This is a violation of Section 7.2 of the ADAAG and Section 904.4.1 of

the 2010 ADA Standards for Accessible Design, which state that sales and service counters must be 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finished floor. Further, clear floor or ground space must comply with Section 305 by being positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of the counter.

v. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), the exterior restaurant dining did not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.4 and 2010 ADA Standards for Accessible Design Section 902 (provision of accessible toe and knee clearance), which requires that all dining areas, including outdoor seating areas be accessible in clear floor/ground space, size and height, and Section 226 which states that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces comply with Section 902.

vi. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), the interior restaurant dining did not comply with the standards for handicapped seating accessible by wheelchair, in violation of Section 4.32.4 of the ADAAG and Sections 226 and 902 of the 2010 ADA Standards for Accessible Design. Section 902 (provision of accessible toe and knee clearance) requires that all dining areas be accessible in clear floor/ground space, size and height, and Section 226 states that, where dining surfaces are

  provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces comply with Section 902.

vii. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), there are permanently designated interior spaces without proper signage. Within the public restroom, signage is mounted on the door leaf without braille or raised characters, violating Sections 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

viii. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door without assistance, as the restroom door has a knob style door handle requiring grasping and turning of the wrist to operate, which is in violation of 28 C.F.R. Part 36, Section 4.13.9 of the ADAAG, and ADA/ABA Design Compliance Code §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds). This is also a violation of Section 404.2.7 of the 2010 ADA Standards for Accessible Design which states that door hardware must be operable with a closed fist or a loose grip.

ix. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the bathroom area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to the encroaching urinal. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for

Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance). Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

x. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the bathroom toilet compartment has no rear wall grab bar and the side wall grab bar is not of the correct length. The lack of a rear wall grab bar is in violation of the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and is in violation Sections 604.5.2 and 609 of the 2010 ADA Standards for Accessible Design. These sections state that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side. This is also in violation of Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

xi. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water

closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

xii. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the toilet compartment water closet flush control is toward the wall side, in violation of Section 4.16.5 which states that flush controls shall be mounted on the wide side of toilet areas no more than 44 in (1120 mm) above the floor and shall comply with Section 4.27.4 in that they shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The non-compliant flush control is also in violation of Section 604.6 of the 2010 Standards for Accessible Design which states that flush controls shall be located on the open side of the water closet (except in ambulatory *accessible* compartments complying with Section 604.8.2).

xiii. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position or at the correct height above the finished floor, in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within

    reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. The subject toilet paper dispenser is in violation of these sections.

xiv. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high, which is in violation of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

xv. As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The lavatory sink is mounted over the required height to the top of the counter above the finished floor in violation of the requirements in Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no

        higher than 34 in (865 mm) above the finished floor. This is a violation of Section 606.2 of the 2010 ADA Standards for Accessible Design which requires compliance with Section 306.3 (Fig. 306.3). Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34 in above the finished floor.

xvi.    As to Defendant Casita (lessee/operator) and Defendant Shopping Center (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink knob-type faucet requires pinching and tight grasping. This is a violation of Section 4.19.5 of the ADAAG which states that faucets must be within reach range, must be automatic or (if hand operated) operable with one hand without tight grasping, pinching or twisting of the wrist, and require no more than five pounds to activate. This is also a violation of Section 606.4 of the 2010 ADA Standards for Accessible Design which requires compliance with Section 309.4 which states that operable parts (of the sink) must be operable with one hand and not require tight grasping, pinching or twisting of the wrist, and require that the force to operate the parts be five pounds maximum.

26.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the Pinar Del Rio Shopping Center and the La Casita Cafeteria restaurant located therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the Pinar Del Rio Shopping Center and

the La Casita Cafeteria restaurant located therein such that they are made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Pinar Del Rio Shopping Center, Inc. (owner of the Pinar Del Rio Shopping Center) and Defendant La Casita Cafeteria, Inc. (operator of the La Casita Cafeteria restaurant located within the Pinar Del Rio Shopping Center) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the Pinar Del Rio Shopping Center and the La Casita Cafeteria located therein such that they become accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 11th day of February 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*

15